**In Re Anonymous No. 6 D.B. 84**

In Re Anonymous No. 6 D.B. 84.

MCDONALD, *Member,* May 30, 1985—Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d)(2)(iii), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above-captioned petitions for discipline.

## I. HISTORY OF THE PROCEEDINGS

By order of January 20, 1984, the Supreme Court of Pennsylvania acknowledged that respondent had been convicted of two counts of receiving money as a fee which was not approved by the court in violation of 33 U.S.C. §928(e) and referred the matter to the Disciplinary Board pursuant to rule 214(c), Pa.R.D.E. Thereafter, on February 2, 1984, the office of Disciplinary Counsel (hereinafter referred to as petitioner) filed a petition for discipline alleging that respondent violated D.R. 1-102(A)(4) (dealing with conduct involving dishonesty, fraud, deceit or misrepresentation) and D.R. 102(A)(6) (dealing with conduct adversely reflecting upon a lawyer's fitness to practice law). The underlying charges related to respondent receiving fees from two clients for services rendered by respondent as said clients' representative in claims for black-lung benefits from the United States Department of Labor without said fees being approved. Respondent pleaded guilty to both counts as charged on November 28, 1983, and was placed on probation for a period of three years commencing that date.

These matters were referred to hearing committee [   ] consisting of [   ]. A hearing was held by the committee on April 24, 1984, and, by order of that date, the hearing committee found that the evidence established a prima facie violation of one or more of the Disciplinary Rules alleged in the petition for discipline. The committee directed that a further hearing be held on the issue of the type of discipline. Thereafter, on May 24, 1984, the committee again convened and heard testimony on the issue of the type of discipline to be imposed.

The report of the hearing committee was filed on September 17, 1984. The matter came before the

Disciplinary Board on October 24, 1984, and by order of that date was remanded to the hearing committee to make specific findings of fact and conclusions of law. The hearing committee then filed its report on February 11, 1985.

The hearing committee determined that respondent's conduct violated D.R. 102(A)(6); however, the hearing committee made no specific finding with respect to the alleged violation of D.R. 1-102(A)(4). The committee recommended that respondent receive a public censure before the Supreme Court of Pennsylvania.

Neither party filed exceptions to the report and recommendation of the hearing committee.

These matters came before the Disciplinary Board for adjudication on April 12, 1985.

## II. STATEMENT OF FACTS

Respondent, [    ], was admitted to the practice of law in 1977. He has maintained his office in [    ], Pa.

The record reveals a course of conduct on the part of petitioner in the representation of clients in compensation cases before the Federal Department of Labor. Because of the delays routinely encountered in securing the approval and payment of fees by the department, respondent would unlawfully seek payment of his fees in the first instance from the client and then reimburse the client at the time the fees were approved and paid. In the underlying criminal action respondent was charged with accepting several fees on this basis and was directed to pay restitution to clients in the amounts of $972.30 to [A], $1,750 to [B], $3,000 to [C], $150 to [D], for a total of $5,872.30. There is no evidence that the fees were excessive in the sense that they would not

have been approved had the proper procedure been followed. It is noteworthy that during 1981 and 1982, 75 to 80 percent of the total fee income of respondent came from handling black-lung claims.

Prior to respondent entering private practice, he had been employed by the U.S. Department of Labor in the Office of Worker's Compensation Programs in [  ], Pa. as a claims examiner in black-lung cases. He was most familiar with the fee approval restrictions and procedures and in fact authored a letter, admitted as petitioners exhibit "3", explaining to counsel for a claimant the requirements of the very provisions, the violation of which he was charged. Therefore, there is no question that willful violations occurred and respondent was most candid in his testimony before the committee in that regard.

## III. DISCUSSION

The hearing committee concluded that the appropriate penalty in this case should be public censure consistent with other punishments for misdemeanor convictions. Neither party filed exceptions to that conclusion and recommendation. This board places considerable weight upon the recommendations of hearing committees especially when no exceptions are filed.

However, we find it inappropriate under the facts of this case for respondent to continue to practice law during the pendency of his term of probation on the federal court conviction. We believe a suspension should be imposed for the balance of his probationary period. It is our intention that the period of probation and the period of suspension be coextensive. Therefore, should the period of probation be shortened by the sentencing court or other appro-

priate authority, the suspension recommended herein would be modified accordingly without further action, subject however, to any applicable readmission procedures provided by the rules.

## IV. FINDINGS OF FACT

The Disciplinary Board of the Supreme Court of Pennsylvania hereby makes the following findings of fact:

1. Petitioner, whose principal office is located at 300 North Second Street, Harrisburg, Pa., is invested pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of attorneys admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

2. Respondent, [    ], is an attorney maintaining a private practice at [    ].

3. Respondent, [    ], was born on January 17, 1944, and was admitted to the practice of law in the Commonwealth of Pennsylvania in 1977.

4. On November 28, 1983, an information was filed against respondent in the United States District Court for the [    ] District of Pennsylvania at criminal number [   ]. Therein, respondent was charged with two counts of violating 33 U.S.C, § 928(e) by knowingly, voluntarily, and unlawfully receiving fees, from clients for services rendered by respondent as said clients' respresentative in black-lung cases, from the United States Department of Labor without said fees being approved as required as by law.

5. On November 28, 1983, respondent pleaded guilty to both counts before the Honorable [E], United States District Judge, and was placed on probation for a period of three years commencing November 28, 1983 in order to make restitution in the sums of $972.30 to [A], $1,750 to [B], $3,000 to [C], and $150 to [D] for a total restitution of $5,872.30. An additional provision of the probation was that respondent perform pro bono legal work for four hours per week for one year for the [ ] Legal Aid Society in [ ], Pa.

6. There is no evidence that the fees charged each of the four clients to whom restitution was ordered was excessive or that said fees would not have been approved had the proper procedure been followed.

7. Respondent is a former employee of the United States Department of Labor and in his private practice specializes in black-lung cases. At the time of the alleged violations, respondent was fully aware of the requirements of the law violated by him. Therefore, the violations were knowing, voluntary and willful.

8. Respondent testified it was his practice to return the fees advanced by clients after the government approved fee was received by him.

## V. CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania makes the following conclusions of law in this proceeding:

1. Respondent has engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of D.R. 102(A)(4).

2. The alleged violation of D.R. 102(A)(6), dealing with conduct adversely reflecting upon a lawyer's fitness to practice law, is a more general al-

legation based on the same factors as the violation of
D.R. 1-102(A)(4), and should be dismissed.

## VI. RECOMMENDATION

1. The Disciplinary Board recommends to the
Supreme Court of Pennsylvania that respondent,
[ ], be suspended from the practice of law for a pe-
riod which is coextensive with the period of proba-
tion imposed by the United States District Court for
the [ ] District of Pennsylvania at no. [ ], but not
longer than November 28, 1986, and that he be eli-
gible to apply for readmission upon satisfactory
completion of all terms of the order of sentence at
no. [ ].

2. Respondent shall pay all costs of these
proceedings.

Messrs. Mundy, Brown, Padova and Tumolo did
not participate in the adjudication.

## DISSENTING STATEMENT

HUTCHINSON, *J.*, August 22, 1985—I dissent
from the suspension in this case and would impose
the lesser discipline of a public censure as more ap-
propriate to the facts. As found by the board and
supported by the record, they are:

"Respondent, [ ], was admitted to the practice of
law in 1977. He has maintained his office in [ ],
Pennsylvania.

"The record reveals a course of conduct on the
part of the petitioner [sic] in the representation of
clients in compensation cases before the federal De-
partment of Labor. Because of the delays routinely
encountered in securing the approval and payment
of fees by the Department, respondent would un-
lawfully seek payment of his fees in the first in-
stance from the client and then reimburse the client

at the time the fees were approved and paid. In the underlying criminal action respondent was charged with accepting several fees on this basis and was directed to pay restitution to clients in the amounts of $972.30 to [A], $1,750 to [B], $3,000 to [D], for a total of $5,872.30. There is no evidence that the fees were excessive in the sense that they would not have been approved had the proper procedure been followed. It is noteworthy that during 1981 and 1982, 75 to 80 percent of the total fee income of respondent came from handling black-lung claims.

"Prior to respondent entering private practice, he had been employed by the U.S. Department of Labor in the Office of Worker's Compensation Programs in [ , ], Pennsylvania as a claims examiner in black-lung cases. He was most familiar with the fee approval restrictions and procedures and in fact authored a letter, admitted as petitioner's exhibit "3", explaining to counsel for a claimant the requirements of the very provisions, the violation of which he was charged. Therefore, there is no question that willful violations occurred and respondent was most candid in his testimony before the committee in that regard." Disciplinary Board Report at 3-5.

On these facts the board found respondent violated our Disciplinary Rule D.R.-1-102(A)(4), which deals with fraud and dishonesty. I believe that conclusion is inconsistent with the board's own statement that the fees were not in excess of those ultimately approved by the federal agency after long delay. I do believe the facts show that respondent violated Disciplinary Rule D.R.-102(A)(6), which deals with conduct adversely reflecting upon a lawyer's fitness to practice law, and in no way condone his knowing violation of the procedures imposed by the federal bureaucracy upon laywers seeking to

collect reasonable fees in black-lung cases. However, I do not believe this violation warrants suspension.

Mr. Justice Flaherty joins this dissenting statement.

## ORDER

NIX, *C. J.*, And now, this August 22, 1985, upon consideration of the Recommendation of the Disciplinary Board dated May 30, 1985, it is ordered that [respondent] be and he is suspended from the Bar of the Commonwealth for the duration of his probation terminating on November 28, 1986, or as otherwise directed by the sentencing court, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa. R.D.E.

Mr. Justice Hutchinson files a dissenting statement in which Mr. Justice Flaherty joins.